**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dawn Edlund, Civil No. 00-1478 ADM/AJB

Plaintiff,

v. **ORDER ON MOTIONS**

Ridgedale Automotive, Inc., et al.,

Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for protective order, motion to compel, motion for bond, and motion for sanctions [Docket No. 26]. Defendants' motion to compel and for sanctions is also before the Court [Docket No. 29]. Hearing was held on March 6, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Alfred M. Stanbury, Esq., appeared on behalf of the plaintiff. Julianne E. Ortmann, Esq., appeared on behalf of the defendants.

Based upon the file and documents contained therein, along with memorandums, affidavits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions for protective order, to compel discovery, requiring bond, and imposing sanctions are **granted in part, denied in part, and moot in part** [Docket No. 26]

2. Defendants' motion to compel and for sanctions is **granted in part and denied in part** [Docket No. 29].

3. Plaintiff's motion for protective order is **moot**. Defendants do not oppose a protective order. Counsel for both sides have executed documents entitled "Confidential



FILED MAR 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Undertaking" therein acknowledging the existence of an Order relating to treatment of confidential discovery materials and penalties for violation of such protective order. The Protective Order will be executed and filed by the Court contemporaneously with this Order.

4. Plaintiff's motion to compel discovery of insurance policies and coverage limits is **granted**. Defendants shall make copies of all insurance policies which may have application in this case and shall provide copies of such policies along with coverage limits with respect to each policy.

5. Plaintiff's motion for an order requiring defendants to post bond is **denied**. Plaintiff is essentially seeking a post-judgment remedy based upon pre-judgment speculation. The Court is not satisfied that bond is either appropriate or necessary.

6. Plaintiff's motion for sanctions is **denied**. There is no showing of conduct or adoption of a position on legal issues on the part of defendants or their counsel that warrants imposition of sanctions.

7. Defendants' motion to compel productions is **granted**. Plaintiff shall produce the automobile at issue in this case for purpose of inspection and examination, shall provide a computation of damages claimed in this action, and shall produce all documents, if any, relevant to the issue of damages asserted in this case. The Court is persuaded that the requested discovery seeks relevant information or is reasonably calculated to lead to discovery of admissible evidence and is therefore discoverable pursuant to Fed. R. Civ. P. 26(b)(1). Damages computations are required as initial disclosures under Fed. R. Civ. P. 26(a)(1)(C). The Court finds no justification whatsoever for denying the discovery. For purposes of the vehicle inspection, the defendants shall be permitted to take custody of the automobile on one occasion for a period of time not to

exceed four hours. The vehicle may be driven during that time for purposes of observation. Disassembly of the vehicle or any parts of the vehicle, including the odometer, is not permitted. During the time that the car is in defendants' possession plaintiff shall be entitled to reimbursement in the amount of either fifty cents per mile as shown on the odometer, or twenty-five dollars per hour, whichever is greater.

8. Defendants' motion for sanctions is **denied**.

Dated: 3/14/01

Arthur J. Boylan
United States Magistrate Judge