**United States District Court**
**District of Minnesota**

Civil Action, File Number 00-1478 (ADM/AJB)

---

DAWN EDLUND,

Plaintiff,

v.

RIDGEDALE AUTOMOTIVE, INC. a Minnesota corporation d/b/a MORRIE'S MINNETONKA FORD and f/k/a BOB RYAN MOTORS, INC., and BOB RYAN MOTORS, INC., a Minnesota corporation,

Defendants.

**PROTECTIVE ORDER**

---

A. This Order governs the treatment of all information, documentation and materials ("discovery material") produced by or obtained from any party or non-party (the "producing person") in this action that is designated confidential by the producing person in accordance with the procedures set forth below.

B. Any producing person may designate as confidential any discovery material which contains or discloses information considered by the producing person to be personal or private in character, or commercially or personally sensitive, regardless of when the material was produced and regardless of whether it was produced pursuant to discovery or under Minn. Stat. § 302A.461. All discovery materials so designated and all information derived therefrom shall be referred to in this Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Order.

C. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and may be disclosed only under the



FILED MAR 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the producing person with respect to specifically identified Confidential Discovery Material.

D. The following Confidential Discovery Material designation procedures shall apply:

1. Confidential Discovery Material copies or originals that are delivered to a party to this action or otherwise leave the possession of the producing person shall be so designated by marking or stamping it "Confidential." With respect to multi-page documents that contain Confidential Discovery Material, the designation may be made by marking only the first page thereof so long as such multi-page documents are securely bound.

2. The producing person may, on the record of a deposition, or within thirty days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as Confidential Discovery Material under the terms of this Order. During this thirty-day period, the entire deposition transcript shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the producing person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

E. Confidential Discovery Material or information derived therefrom may be disclosed or made available only to the following persons absent written consent from the producing person or order of the Court:

1. Outside litigation counsel appearing on the pleadings in this action and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided that the signature on this Order of a member of a law firm shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;
2. Experts or consultants retained in good faith to assist counsel in this litigation, provided that any such experts or consultants execute an undertaking to be bound by this Order in the form attached hereto as Appendix A prior to disclosure and, provided that a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant; and provided further that any such experts or consultants shall be designated to the producing person and to all other parties prior to disclosure of any Confidential Discovery Material;
3. The individual parties provided that they execute an undertaking to be bound by this Order in the form attached hereto as Appendix A prior to disclosure;
4. As to the corporate parties, their officers, directors or employees assisting in the prosecution or defense of this action, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this order;
5. The Court, pursuant to Paragraphs F and G of this Order;
6. Employees of outside copy services used to make copies of discovery materials;
7. Witnesses deposed in this action or who appear at any hearing in this action, but only to the extent disclosure occurs during such deposition or

hearing, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order;

8. Persons who generated, received or are identified in the Confidential Discovery Material, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order;

9. Court reporters who record testimony taken in the course of this litigation; and

10. Lawyers Board of Professional Responsibility of Minnesota.

F. In the event that counsel for any party determines to file with the Court any Confidential Discovery Material or any pleadings, motions, briefs and other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

"CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER"

All such materials so filed shall be maintained by the Clerk of the Court separate form the public records in this action and shall be released only upon further order of the Court.

G. Inadvertent production of any information, document or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.

H. This Order has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Material.

I. Any party receiving Confidential Discovery Material shall have the right to challenge any designation of confidentiality by the producing person by seeking an order

of the Court with respect to any information, document or things designated as "Confidential." All parties receiving such materials or information shall respect the propriety of the designation during the pendency of such motion. The parties agree that before seeking any relief from the court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material.

J. If additional persons become parties to this litigation, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any other producing person until counsel for said parties have received a copy of this Order. This Order shall be binding on any such parties upon receipt.

K. After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this court shall retain jurisdiction over the parties for enforcement of its provisions.

L. Within thirty days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof shall be returned to the producing person. As to those materials which contain Confidential Discovery Material, but which constitute counsel's work product, counsel shall destroy such work product and all copies thereof, provided that this Paragraph shall not apply to documents filed with the Court and/or served in this action or copies thereof.

M. This Order shall be binding on all parties immediately upon filing.

Dated: 3/14/01

Arthur Boylan
United States Magistrate Judge

APPENDIX A

**United States District Court**
**District of Minnesota**

Civil Action, File Number 00-1478 (ADM/AJB)

---

DAWN EDLUND,

Plaintiff,

v.

RIDGEDALE AUTOMOTIVE, INC. a Minnesota corporation d/b/a MORRIE'S MINNETONKA FORD and f/k/a BOB RYAN MOTORS, INC., and BOB RYAN MOTORS, INC., a Minnesota corporation,

Defendants.

**CONFIDENTIAL UNDERTAKING**

---

I have read and understand the Order governing Confidential Discovery Material entered into this action and agree to abide by its terms and conditions. I understand that any violation of the Order governing Confidential Discovery Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: 3/8/01

Alfred Stanbury
Signature

2209 St. Anthony Parkway
Minneapolis, MN 55418
Address

APPENDIX A

**United States District Court**
**District of Minnesota**

Civil Action, File Number 00-1478 (ADM/AJB)

---

DAWN EDLUND,

Plaintiff,

v.

RIDGEDALE AUTOMOTIVE, INC. a Minnesota corporation d/b/a MORRIE'S MINNETONKA FORD and f/k/a BOB RYAN MOTORS, INC., and BOB RYAN MOTORS, INC., a Minnesota corporation,

Defendants.

**CONFIDENTIAL UNDERTAKING**

---

I have read and understand the Order governing Confidential Discovery Material entered into this action and agree to abide by its terms and conditions. I understand that any violation of the Order governing Confidential Discovery Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: 3/7/01

[signature]
Signature

Ortman - Associates
Address
15600 Wayzata Blvd. Suite 208
Minnetonka MN 55391

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.