UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Dawn Edlund,

Plaintiff,

v.

Ridgedale Automotive, Inc., et al.,

Defendants.

Civil No. 00-1478 ADM/AJB

**THIRD ORDER ON DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel non-party compliance with a deposition subpoena [Docket No. 37], and defendants' motion to quash subpoena seeking discovery from Bob Ryan Oldsmobile and further seeking protective order and sanctions. [Docket No. 43]. Hearing was held on March 15, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Alfred M. Stanbury, Esq., appeared on behalf of the plaintiff. Julianne E. Ortmann, Esq., appeared on behalf of the defendants.

Based upon the file and documents contained therein, along with memorandums, affidavits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel compliance with a subpoena compelling a non-party witness, Patrice Apelt, to appear for deposition is **granted** [Docket No. 37]. There is no opposition to the motion by defendants and there was no appearance by or on behalf of the non-party subpoena witness. The non-party deposition shall be scheduled to take place on March 22, 2001, at 1:00 p.m. at the office of Kinsella, Hartigan, & Associates, Inc. 401 2nd Avenue South,



MAR 15 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Suite 632, Minneapolis, Minnesota 55401. Plaintiff shall be responsible for serving the subpoena and thereby providing notice of deposition.

2. Defendants' motion to quash subpoena, seeking a protective order barring discovery from Bob Ryan Oldsmobile, and requesting sanctions, is **granted in part and denied in part** [Docket No. __].

3. Defendants' motion to quash the subpoena seeking discovery by deposition or otherwise from Bob Ryan Oldsmobile is **granted**. The subpoena is hereby quashed. Bob Ryan Oldsmobile is a corporate entity separate from the named defendants in this action and plaintiff states no compelling justification whatsoever for requiring this non-party's submission to a deposition under Fed. R. Civ. P. 30(b)(6). The Court further finds that discovery from Bob Ryan Oldsmobile, whether by subpoena, interrogatories, depositions, or otherwise is not reasonably calculated to lead to the discovery of admissible material. The motion for protective order barring discovery from Bob Ryan Oldsmobile is therefore **granted**. Defendants' request for sanctions is **denied**.

Dated: 3/15/01

Arthur J. Boylan
United States Magistrate Judge