**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dawn Edlund,

Plaintiff,

v.

Ridgedale Automotive, Inc., a Minnesota corporation, d/b/a Morrie's Minnetonka Ford, f/k/a Bob Ryan Motors, Inc., and Bob Ryan Motors Inc., a Minnesota corporation,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1478 ADM/AJB

---

Alfred M. Stanbury, Esq., Stanbury Law Office, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

Julianne E. Ortman, Esq., Raymond C. Ortman, Jr., Esq., and Dominic L. Verstegen, Esq., Ortman and Assoc., Minnetonka, MN, appeared for and on behalf of the Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Dawn Edlund's objections [Doc. No. 57] to United States Magistrate Judge Arthur J. Boylan's Order of March 14, 2001 [Doc. No. 48], and Defendant Bob Ryan Motors' objections [Doc. No. 65] to Judge Boylan's Order of March 22, 2001 [Doc. No. 56]. For the reasons set forth below, both Orders are affirmed in their entirety.

## II. BACKGROUND

Sometime in 1997, Debra Kreatz ("Kreatz") leased a 1997 Ford Mustang ("Mustang"). Starr Dep. at 99. While Plaintiff Dawn Edlund ("Edlund") infers that the car was leased to

FILED APR 2 7 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Kreatz by Defendant Bob Ryan Motors[1] ("Bob Ryan"), Bob Ryan claims the lessor was Ford Motor Credit Company ("FMCC"). *Id.* Edlund alleges that during the lease term, Kreatz reported to Bob Ryan that the Mustang's odometer was not registering all the miles she drove the car. Stanbury Mar. 23, 2001 Aff. ("Stanbury Aff. I") Ex. 2, Ex. 6 at 89. Kreatz certified the Mustang's odometer as accurate when her lease ended in March of 1999. *Id.* Ex. 6 at 89-91. Bob Ryan avers that it purchased the Mustang from FMCC after the lease ended.[2] Edlund, in turn, purchased the Mustang from Bob Ryan on May 15, 1999. *Id.* Ex. 8, 10.

On June 16, 2000, Edlund filed this lawsuit, alleging a violation of the Federal Odometer Law, 49 U.S.C. §§ 32701-32711, and fraudulent misrepresentation. [Doc. No. 1][3]. On March 14, 2001, Magistrate Judge Arthur J. Boylan granted in part Bob Ryan's Motion to Compel [Doc. No. 29], ordering Edlund to allow Bob Ryan to test drive the Mustang. [Doc. No. 48]. Bob Ryan made a motion on March 15, 2001 to file a complaint adding Kreatz and FMCC as third-party defendants. [Doc. No. 49]. On March 22, 2001, Judge Boylan denied the motion. [Doc. No. 56].

## III. DISCUSSION

The parties appeal separate orders of Judge Boylan.

### A. Standard of Review

---

[1]Because of Ridgedale Automotive/Morrie's Minnetonka Ford's connection with Bob Ryan, both parties assume there is essentially one Defendant, Bob Ryan.

[2]Although Bob Ryan cites page 100 of Starr's Deposition for this fact, page 100 was not included in either of Verstegen's Affidavits to the Court [Doc. Nos. 67, 73].

[3]On January 22, 2001, Edlund filed an Amended Complaint, officially adding Bob Ryan as a Defendant. [Doc. No. 22].

There are two standards for a district court's review of the order of a magistrate judge. A non-dispositive order may only be reversed if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). Conversely, if the order concerns a dispositive motion, the district court must review the magistrate judge's decision de novo and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(a). A motion is dispositive if it removes a claim or defense from the litigation. *Id.*; *Vega v. Univ. of N.Y.*, 67 F.Supp.2d 324, 334 (S.D.N.Y. 1999).

**B. Edlund's Appeal**

Edlund appeals the portion of Judge Boylan's Order of March 14, 2001 allowing Bob Ryan to test drive the Mustang [Doc. No. 48]. In this Order, Judge Boylan stated:

> For purposes of vehicle inspection, the defendants shall be permitted to take custody of the automobile on one occasion for a period of time not to exceed four hours. The vehicle may be driven during that time for purposes of observation. Disassembly of the vehicle or any parts of the vehicle, including the odometer, is not permitted. During the time that the car is in defendants' possession plaintiff shall be entitled to reimbursement in the amount of either fifty cents per mile as shown on the odometer, or twenty-five dollars per hour, whichever is greater.

Edlund opposes turning custody of the Mustang over to Bob Ryan. Edlund avers that: 1) Bob Ryan has not shown its experts need to drive the car; 2) the Federal Rules of Civil Procedure do not allow for the transfer of custody of an item in discovery; 3) the car is not in drivable condition at present; and 4) compliance with the Order would require Edlund to spend $1000 to reinstate proper insurance on the Mustang. A motion to compel is a non-dispositive motion, regardless of how contested the discovery may be. *See Castillo v. Frank*, 70 F.3d 382, 385 (5th

Cir. 1995). Thus, federal law requires that Judge Boylan's Order may only be altered if it is "clearly erroneous or contrary to law." *See id.*; Fed. R. Civ. P. 72(a).

Judge Boylan's Order allowing Bob Ryan to test drive the car is not "clearly erroneous or contrary to law." First, the Mustang's current operation is within the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure. The odometer's present working condition is relevant to whether or not the odometer properly registered mileage in the past. Second, the Federal Rules of Civil Procedure allow such discovery. Under Rule 34(a), a party may make a request to "inspect and copy, *test*, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of [another] party." Fed. R. Civ. P. 34(a) (emphasis added). The advisory committee notes for the 1970 amendment to Rule 34, which added the word "test" to the prior sentence, state that "[t]he inclusion of testing. . . of tangible things and objects. . . reflects a need frequently encountered by parties in preparation for trial. If the operation of a particular machine is the basis of a claim for negligent injury, it will often be necessary to test its operating parts. . . ."

In *Quinn v. Chrysler Corp.*, 35 F.R.D. 34 (W.D. Penn. 1964), a personal injury action, plaintiff alleged that the brake system was faulty in a car purchased from the defendant. *Id.* at 35. The defendant manufacturer sought permission to install the brake system into another automobile of the same make, model, and year to conduct a "functional test" of the allegedly faulty part. *Id.* The court, pursuant to Rule 34[4], granted the motion and ordered the brake system be relinquished to the defendant to allow its experts to conduct this test. *Id.* Furthermore, the condition and insurance status of the Mustang does not negate the fact that this discovery is

[4]Prior to the insertion of "test" to Rule 34.

relevant and provided for by Rule 34. The Order is affirmed.

**C. Bob Ryan's Appeal**

On March 15, 2001, Bob Ryan made a motion, pursuant to Rule 14 of the Federal Rules of Civil Procedure, to add Kreatz and FMCC as third-party defendants. [Doc. No. 49]. Judge Boylan denied this request on March 22, 2001, [Doc. No. 56] and Bob Ryan seeks review of that Order. Although not cited in their memorandum before Judge Boylan, Bob Ryan now specifically sets forth Rules 19 and 20 of the Federal Rules of Civil Procedure, which concern necessary and permissive joinder, as authority allowing the addition of Kreatz and FMCC.

Bob Ryan argues for a standard of de novo review. However, because the Order does not dispose of a claim or defense, it is not a dispositive motion. Fed. R. Civ. P. 72(a). In their initial motion, Bob Ryan itself identified the motion as "non-dispositive." [Doc. No. 49]. Accordingly, the Order is not reviewed de novo, but instead examined under the "extremely deferential" "clearly erroneous or contrary to law standard." *Reko*, 70 F. Supp. 2d at 1007; Fed. R. Civ. P. 72(a).

Under Rule 19, the first step in the necessary party analysis is whether one of three situations is present. The two arguably relevant here are: (1) where a person's absence means that "complete relief cannot be accorded among those already parties"; and (2) where a person's absence subjects current parties to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a).

First, Kreatz and FMCC's absence does not hinder the litigation from according the current parties complete relief. The focus of this inquiry is on the claims presently before the Court and not perspective or possible claims. *See Hammond v. Clayton*, 83 F.3d 191, 195 (7th

Cir. 1996). Accordingly, the only claim before the Court, Edlund's claims against Bob Ryan, can be resolved in their entirety in the absence of Kreatz and FMCC. Fed. R. Civ. P. 19(a).

Next, the current situation does not fall under the scenario regarding the absence of a person subjecting a party to a substantial risk of incurring "inconsistent obligations." Bob Ryan suggests that the absence subjects them to inconsistent obligations - while currently arguing that Kreatz and FMCC accurately reported the milage on the odometer, it may later have to assert the opposite in a suit against the two absent parties seeking indemnification. This does not constitute an "inconsistent obligation." As it is used in Rule 19, inconsistent obligations "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). This issue is not present here. Accordingly, Kreatz and FMCC are not indispensable parties. Judge Boylan's decision is not "clearly erroneous or contrary to law." The March 22, 2001 Order is affirmed in its entirety.[5]

[5]Bob Ryan alternatively asks for permissive joinder of Kreatz and FMCC under Rule 20. Because permissive joinder decisions are discretionary, *Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994), Judge Boylan's determination is not contrary to law.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Boylan's Order of March 14, 2001 [Doc. No. 48] is **AFFIRMED** in its entirety. Plaintiff's appeal [Doc. No. 57] of the Order is **DISMISSED**.

2. Magistrate Judge Boylan's Order of March 22, 2001 [Doc. No. 56] is **AFFIRMED** in its entirety. Defendants' appeal [Doc. No. 65] of the Order is **DISMISSED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2001