UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

DAWN EDLUND,

Plaintiff,

v.

RIDGEDALE AUTOMOTIVE, INC., ET AL.,

Defendants.

Civil No. 00-1478 ADM/AJB

ORDER

---

The above matter came before the court following a review of the parties submissions of September 27, 2001.

It is hereby ordered that the parties shall appear before the undersigned at 3:00 o'clock p.m. on Monday, October 1, 2001. At that time, the Court shall consider the issues raised in the parties correspondence dated September 27, 2001.

At said hearing on October 1, Plaintiff is directed to provide evidence directed to the issue of whether or not the physical condition of the vehicle in question has been altered since the Court's original Order for inspection on March 14, 2001. Specifically Plaintiff is ordered to provide information concerning any changes in the condition of the vehicle or it's equipment since March 14, 2001 up to and including the Defendant's inspection of the vehicle on September 20, 2001.

Defendants have alleged that the tires on the vehicle had been replaced since the Court's Order of March 14, 2001. Defendant's are directed to provide evidence by affidavit or otherwise that speaks to whether a change in tires has a material affect

Filed SEP 28 2001
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

on accurate odometer readings and to the issue of whether the change of tires affects the ability of Defendants to obtain expert opinions in this case.

The parties are further ordered that all further non-dispositive motions whether styled as "motions in limine" or otherwise, shall be filed and heard by the undersigned until the start of trial.

Dated: 9/28/01

ARTHUR J. BOYLAN
United States Magistrate Judge

MEMORANDUM

The court ordered the Plaintiff's vehicle inspected on March 14, 2001. On March 21, 2001 the vehicle was inspected by Plaintiff's expert. Part of Plaintiff's expert report refers to the expert's inspection of the vehicle's tires. Despite the court's order allowing the inspection in March, Plaintiff did not allow the car to be inspected until September 20th, less than two weeks prior to the start of trial. When Plaintiffs did finally allow the inspection, apparently the tires that were on the vehicle at the time of Plaintiff's experts inspection had been changed and this information was not disclosed to the defense. Defendants, after learning of the changing condition of the vehicle has brought this information to the attention of the Court and seeks relief.

While the Court will address the contentions of the parties on October 1, it appears clear, given the Plaintiff's admissions, that the tires have been changed and that the March 2001 tires are available. Plaintiff may well be advised to take affirmative steps to deliver the March 2001 tires to the Defendant or their experts without delay.

AJB