**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dawn Edlund, Civil No. 00-1478 ADM/AJB

Plaintiff,

v. **REPORT AND RECOMMENDATION**

Ridgedale Automotive, Inc., et al.,

Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, for findings, conclusions, and recommendation regarding sanctions against plaintiff's counsel based upon failure to make certain disclosures. Hearing was held on October 1, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Alfred M. Stanbury, Esq., appeared on behalf of the plaintiff. Julianne E. Ortmann, Esq., appeared on behalf of the defendants. The matter is properly before the Magistrate Judge for report and recommendation under 28 U.S.C. §636 and Local Rule 72.1(c).

Based upon the file and documents contained therein, along with affidavits, witness testimony, arguments of counsel, and the Court's previous Orders on discovery, the Court makes the following:

**Findings and Conclusions**

1. This Court issued an Order on Discovery dated March 14, 2001, therein requiring plaintiff to produce the 1997 Mustang automobile that is the subject of this action for inspection by a expert to be retained by the defendants. Plaintiff's appeal of the Order was



OCT 0 2 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

dismissed in its entirety by the District Court by Order dated April 27, 2001. Plaintiff's expert examined the vehicle on March 21, 2001, for purposes of forming an opinion regarding the number of miles that the car has been driven that were not recorded on the odometer as a result of malfunction. The expert formed an opinion based upon his calculations on the amount of tire wear and brake pad wear. His opinion is not based upon examination or testing of the odometer itself and the odometer was not removed or disassembled. The brake pads were the original equipment installed by the manufacturer. Three of the four tires which were measured for tread wear also appeared to be original equipment. The fourth tire was a newer replacement, likely put on the car in the course of repairs following a front-end accident which occurred when the car was in the possession of a previous lessee.

2. Plaintiff produced the vehicle for inspection by defendants' experts on September 20, 2001. The vehicle as produced had four new tires. Defendant's experts were able to evaluate brake pad wear, but were unable to obtain meaningful tire tread wear measurements because of the immediate unavailability of the original tires. An expert for defendants also observed that the steering column appeared to have been previously removed and reinstalled. Plaintiff counsel had not disclosed the fact that new tires had been purchased and mounted on the car on July 10, 2001, subsequent to the expert's examination in March 2001. Hearing was held before the Court on September 10, 2001, at which time plaintiff continued to resist production of the vehicle for expert inspection. Neither the Court nor the opposing party were advised at that time that the tires had been changed. Though the original tires were not destroyed and remain available for inspection, plaintiff counsel's failure to timely produce the original tires for inspection along with the car constitutes an intentional effort to withhold evidence which is

material to this action and was subject to disclosure pursuant to court order and the obligation to supplement responses to defendants' discovery under Fed. R. Civ. P. 26(e). Plaintiff is not faulted for replacing worn tires, but counsel's failure to promptly disclose such a material alteration and produce the original equipment for inspection is inexcusable.

3. The 1997 Mustang that is subject of the action was involved in a collision with a deer on August 14, 2001. As a result of the accident the car was damaged on the front driver's side. The damage was promptly repaired. This accident was not disclosed to defendants through discovery, and indeed, was not revealed until hearing in this matter on October 1, 2001. It does not appear that the deer accident has any direct and critical implications with respect to the ability of defendants' experts to inspect the vehicle in regards to brake pad wear and tire tread wear. However, plaintiff was served discovery requests requiring disclosure of accidents and incidents of this nature and is required to supplement discovery responses as appropriate. Plaintiff counsel's failure to timely disclose the collision with a deer and the subsequent repairs to the Mustang was a knowing and intentional effort to evade disclosure obligations.

4. Plaintiff counsel's failure to advise defendants that the tires on the 1997 Mustang had been replaced, failure to produce the original tires for inspection along with the vehicle, and failure to disclose the August 2001, collision with a deer, constitute intentional efforts to avoid required disclosure. Counsel's argument to the effect that defendants should have deduced the need for tire replacements, is unavailing and is essentially irrelevant to the discovery issue. Likewise with respect to the deer accident, materiality of the incident is separate from the disclosure obligation. Plaintiff counsel's conduct in this matter warrants significant sanctions which may be imposed by the Court in the exercise of its inherent power to control

litigation. West v. Goodyear Tire & Rubber Company, 167 F.3d 776, 779 (2d Cir. 1999).

5. Under the circumstances now presented to the Court, the sanction of dismissal of all claims would be unduly harsh where it has not been shown that certain discovery violations are materially adverse to the defense or will decisively prejudice defendant's case. Id. at 779. On the other hand, the Court finds that evidentiary sanctions, including striking all or portions of plaintiff's expert's report and opinion, would unnecessarily and unfairly impair the plaintiff's case as a consequence of counsel's misdeeds and would improperly de-emphasize the nature and significance of counsel's misconduct. Id. at 780. The Court therefore concludes that the appropriate sanction in this matter is plaintiff counsel's forfeiture of any statutory attorney fees which might have been claimed or assessed in the event plaintiff prevails in this action. Such sanction would not be intended to preclude any fees which might be due counsel pursuant to retainer agreement, contract, or other binding arrangement between plaintiff and counsel.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

It is hereby **recommended** that as sanction for knowing, intentional, and bad faith failure to comply with discovery obligations pursuant to Court order and Federal Rules of Civil Procedure, plaintiff's counsel be precluded from asserting any claim for attorney fees in this action which might otherwise be assessed or due pursuant to state or federal statute.

Dated: 10/2/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 13, 2001.