**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dawn Edlund,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1478 ADM/AJB

Ridgedale Automotive, Inc., a Minnesota corporation d/b/a Morrie's Minnetonka Ford and f/k/a Bob Ryan Motors, Inc., and Bob Ryan Motors, Inc., a Minnesota corporation,

Defendants.

---

Alfred M. Stanbury, Esq., Stanbury Law Firm, PA, Minneapolis, MN, on behalf of Plaintiff.

Julianne E. Ortman, Esq., Ortman & Associates, Minnetonka, MN, on behalf of Defendants.

---

## I. INTRODUCTION, BACKGROUND AND DISCUSSION

This case is a saga drawn out to a degree rarely contemplated even in a litigious era. On the basis of a dispute about a single car, a used 1997 Ford Mustang GT convertible with a purchase price of $25,117.12, purchased from a single dealership on May 15, 1999, bearing a single faulty odometer reading 9,239 miles at the time of sale, this Court has witnessed a costly and time consuming display miring this litigation with motions upon motions, and contentious, tedious arguments throughout. The often frivolous and unnecessary filings have, at great judicial time and expense, generated a case file currently over-filling six folders and two accordion folders, with nearly 200 docketed documents. The landscape of this litigation has further been marked with delay tactics, gamesmanship, and uncooperative behavior that has resulted in imposition of sanctions against Plaintiff's counsel. All over one faulty odometer on a used car that was off by a few hundred miles . . . it is cases like this which spawn the admonition, "don't make a federal case out of it."

FILED DEC 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 07 2001
DEPUTY CLERK

Before the Court are multiple post-trial motions from both parties. The facts of this case are well known to the parties and need not be reiterated here. Plaintiff Dawn Edlund submits a Motion for Order for Entry of Judgment [Doc. No. 183]. Plaintiff has also filed an Objection [Doc. No. 176] to the Report and Recommendation ("R&R") [Doc. No. 150] filed on October 2, 2001, by Magistrate Judge Arthur J. Boylan. Plaintiff also submits an Application for Costs and Litigation Expenses [Doc. No. 188]. Defendant Bob Ryan Motors, Inc., submits a Motion for Hearing on Post Trial Issues [Doc. No. 191]. Defendant argues that (1) there were errors at trial warranting a new trial or judgment notwithstanding the verdict, (2) damages awarded by the jury were not supported by the evidence, (3) the jury was encouraged contrary to law to find intent to defraud based upon Defendant's negligence, and (4) Plaintiff's request for costs of $9,303.40 is premature and excessive.

First, after a trial by jury from October 3, 2001, through October 9, 2001, the jury returned a verdict on October 9, 2001, finding Defendant in violation of the Federal Odometer Law, 49 U.S.C. §§ 37201, *et seq.*, and awarding damages of $13,000. As an operation of law, 49 U.S.C. § 37210 requires that the jury damage award be automatically trebled. Judgment is hereby entered against Bob Ryan Motors, Inc., in the amount of $39,000.

Second, Plaintiff objects to the October 2, 2001, R&R of Judge Boylan. The R&R recommends that "as a sanction for knowing, intentional, and bad faith failure to comply with discovery obligations pursuant to Court order and Federal Rules of Civil Procedure, Plaintiff's counsel be precluded from asserting any claim for attorney fees in this action which might otherwise be assessed or due pursuant to state or federal statute." R&R at 4. Judge Boylan's R&R is well-reasoned and appropriate, and it is accepted in full. Plaintiff's Objection is denied.

Third, because Plaintiff's counsel has been precluded from asserting any claim for attorney

fees, the Application for Costs and Litigation Expenses is moot.

Finally, Defendant's Motion for Hearing is denied. The issues raised by Defendant seeking a judgment notwithstanding the verdict or new trial have been carefully considered and dealt with in the course of trial and need not be re-addressed.

Likewise, Defendant's argument about the propriety of the jury instruction on intent to defraud was resolved during trial. The jury instruction was appropriately given.[1]

Defendant's argument that damages awarded were not supported by the evidence is unavailing. Plaintiff asked for $6,366 damages in closing argument. However, the jury instruction on damages allowed them to award "the difference between the fair market value of the vehicle in question with its actual mileage and the amount paid for the vehicle by Plaintiff, and such sum as you find will fairly and justly compensate Plaintiff for any other damages sustained as the result of the conduct of Defendant." The jury award of $13,000 was more than double what Plaintiff's counsel had illustrated on the blackboard were Plaintiff's damages, but was an amount within the discretion of the jury to award. After the statutory trebling, the damage judgment of $39,000 is a handsome compensation for a an odometer discrepancy on a $25,000 car that Plaintiff retains.

Defendant's objection to the premature and excessive nature of Plaintiff's request for costs of $9,303.40 is moot.

---

[1] The jury instruction read as follows: "To act with the intent to defraud means to act with intent to deceive or cheat for the purpose of bringing some financial gain to one's self or another. Reckless disregard for the truth in determining or disclosing actual mileage may constitute intent to defraud." While it was argued that Defendant had knowledge of an odometer problem that should have been fixed, no evidence was presented in trial to indicate that Defendant was trying to cheat Plaintiff in order to increase its own profit. However, evidence was introduced suggesting that an employee of Defendant did know about a slight odometer mis-reading prior to the purchase of the car by the dealership from its prior owner, and that a record of the broken odometer was contained in Defendant's computer files. This evidence was sufficient for the jury's finding.

## II. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Order for Entry of Judgment [Doc. No. 183] is **GRANTED**, and judgment is entered against Defendant for $39,000.00;
2. Plaintiff's Objection to the R&R [Doc. No. 176] filed on October 2, 2001, by Magistrate Judge Boylan is **DENIED**;
3. The R&R [Doc. No. 150] is **ACCEPTED**. As a sanction for knowing, intentional, and bad faith failure to comply with discovery obligations pursuant to Court order and Federal Rules of Civil Procedure, Plaintiff's counsel is precluded from asserting any claim for attorney fees in this action which might otherwise be assessed or due pursuant to state or federal statute;
4. Plaintiff's Application for Costs and Litigation Expenses [Doc. No. 188] is **DENIED AS MOOT**; and
5. Defendant's Motion for Hearing on Post Trial Issues [Doc. No. 191] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 7, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd